118 N.J. Super. 212 (1972)
287 A.2d 181
JOSEPH F. SHANAHAN, PLAINTIFF-APPELLANT,
v.
NEW JERSEY STATE BOARD OF EDUCATION; CARL L. MARBURGER, COMMISSIONER OF EDUCATION FOR STATE OF NEW JERSEY; NORMAN A. GATHANY, SUPERINTENDENT OF SCHOOLS FOR HUNTERDON COUNTY, AND SOUTH HUNTERDON REGIONAL HIGH SCHOOL BOARD OF EDUCATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 31, 1972.
Decided January 31, 1972.
*213 Before Judges COLLESTER, MINTZ and LYNCH.
Mr. Joseph F. Shanahan argued the cause pro se.
Mr. Lewis M. Popper, Deputy Attorney General, argued the cause for respondents (Mr. George F. Kugler, Jr., Attorney General for New Jersey, attorney).
PER CURIAM.
This is an appeal by plaintiff from a ruling of the Hunterdon County Superintendent of Schools refusing to permit plaintiff to inspect and copy the poll lists of voters who voted in the February 2, 1971 election for members of the South Hunterdon Regional High School Board of Education.
Plaintiff is a candidate for election to the board of education of the regional high school, which election will be held on February 1, 1972. On January 4, 1972 he applied at the office of the Hunterdon County Superintendent of Schools to inspect and copy the poll lists of voters who voted at the election for members of the board of education on February 2, 1971. His application was refused. Thereafter, on the same day, he communicated with the office of the state commissioner of education and was informed that the ruling of the county superintendent of schools was based on a prior decision of the State Board of Education.
*214 Plaintiff filed a complaint in lieu of prerogative writs in the Superior Court, Law Division, for a judgment (a) compelling defendant county superintendent of schools to permit plaintiff to inspect and copy the election poll lists, (b) compelling defendant state commissioner of education "to permit others similarly situated to the plaintiff throughout the State to inspect and copy pertinent election poll lists," and (c) "restraining, if necessary, the holding of school board elections throughout the State until this matter is adjudicated." He alleged that he was entitled to inspect the poll lists under the provisions of the Right to Know Law, N.J.S.A. 47:1A-1 et seq. On January 21, 1972, the Superior Court ruled that it lacked jurisdiction of the subject matter and ordered that the complaint be transferred to this court pursuant to R. 1:13-4.
We scheduled oral argument on an accelerated basis in view of the emergent nature of the case. We think the Law Division had jurisdiction to hear and determine the issue raised in the complaint. N.J.S.A. 47:1A-4. However, that point has not been raised and we will proceed to decide the case on the merits.
The Right to Know Law, N.J.S.A. 47:1A-1 et seq., declares it to be the public policy of this State that public records shall be readily accessible for examination by citizens of this State, with certain exceptions, for the protection of the public interest. One of the exceptions is where the examination of the record is governed by another statute. N.J.S.A. 47:1A-2.
N.J.S.A. 18A:14-61 and 62, which pertain to elections of members of a board of education, provide that immediately following an election the poll lists, ballots and tally sheets shall be placed in a sealed package and delivered to the secretary of the board of education. The secretary shall, within five days after the date of the election, forward the sealed package to the county superintendent who shall preserve the records for one year.
*215 We conclude that N.J.S.A. 18A:14-61 and 62 clearly fall within the meaning of "any other statute," one of the exceptions set forth in the Right to Know Law. The legislative requirement that the poll lists shall be sealed and retained for one year implicitly bars a public inspection of such records, in the absence of a claim of irregularity in the election. No such claim is advanced by plaintiff. He admittedly seeks to obtain the names and addresses of persons who voted in the 1971 election to solicit their support for his candidacy in the 1972 election.
The complaint in lieu of prerogative writs is dismissed.